IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROSSANO V. GERALD, et al.,

    Plaintiffs,

v.

OKLAHOMA DEPT. OF PUBLIC SAFETY, et al.,

    Defendants.

Case No. Civ-99-696-R
(In the United States District Court
for the Western District of Oklahoma)

A 01 CA 232 JN

MOTION TO QUASH OR IN THE ALTERNATIVE
MOTION FOR CONTINUANCE OF DEPOSITION
AND FOR AN ORDER COMPELLING PRODUCTION OF
THE WITNESS'S STATEMENT PURSUANT TO FED.R.CIV.P. 26(b)(3)

Now comes SHERRI GERALD, a non-party witness subpoenaed to give a deposition in the above-encaptioned matter on April 13, 2001, and moves this Court for an order continuing the deposition for two weeks in order to give her attorney time to prepare for the deposition and to determine whether a motion to quash and/or for protective order should be filed. SHERRI GERALD also moves this Court for an Order, pursuant to Fed. R. Civ. P. 26(b)(3), compelling the Oklahoma Department of Public Safety (Oklahoma DPS) to provide her with a statement Oklahoma DPS obtained from her and continuing the deposition until that statement has been provided. In support of this motion, SHERRI GERALD would show the Court as follows:

1. The lawsuit in which the deposition is to be taken was filed by Rossano Gerald, Gregory Gerald, and the Oklahoma NAACP and is pending in the Western District of Oklahoma. The suit alleges that the Oklahoma Department of Public Safety and certain troopers engaged in a continuing pattern and practice of race-based traffic stops and detentions. Plaintiffs Rossano and Gegory

Gerald's claim is based upon a traffic stop that occurred in Oklahoma in August 1998.

2. Movant SHERRIE GERALD is the wife of Rossano Gerald. Sherrie Gerald first met Rossano Gerald in the Spring of 2000, a year after his lawsuit was filed and almost two years after the incident giving rise to the suit occurred. Ms. Gerald was not present at the traffic stop giving rise to the cause of action, is not a party to the lawsuit, and has no personal knowledge in any way relevant to that claim. She has not been listed as a witness by the Plaintiffs.

3. The Oklahoma DPS served SHERRI GERALD with a deposition subpoena in the above encaptioned case on or about March 26, 2001. The deposition subpoena included a request that Ms. Gerald produce certain documents listed on Exhibit A to the subpoena.

4. Ms. GERALD attempted to retain counsel for the deposition by contacting, inter alia, the ACLU. She retained the undersigned counsel, an ACLU cooperating attorney, the afternoon of April 12, 2001. After conferring with Ms. Gerald and realizing that it would be impossible to prepare Ms. Gerald for her deposition in the short time remaining, undersigned counsel called the attorneys for Oklahoma DPS who issued the subpoena to request (1) a copy of the subpoena (which Ms. GERALD did not have with her), (2) a copy of a statement Oklahoma DPS took from Ms. GERALD in January 2001, and (3) a continuance of the deposition to allow counsel time to review her statement and other documents so that she and her counsel could be adequately prepared for her deposition.

5. Counsel for Oklahoma DPS refused to agree to a continuance, even though they had not yet left Oklahoma. They also refused to produce Ms. GERALD's prior statement. Counsel for Oklahoma DPS faxed the subpoena but did not fax the list of requested documents, which undersigned counsel has still not seen.

6. Undersigned counsel has had insufficient time to confer with his client to prepare her for

her deposition; to review the request for documents (let alone the documents), and has not had an opportunity to obtain or review her prior statement or other documents that may be relevant to advising his client at a deposition (which documents are described below). For all of these reasons a continuance of the deposition to allow counsel to prepare should be granted. A continuance is also appropriate to allow the Court time to rule on Ms. GERALD's Rule 26(b)(3) motion to compel production of the prior statement she gave to Oklahoma DPS.

7. Finally, based on the information the undersigned counsel has been able to gather so far, the circumstances surrounding the issuance of the instant subpoena strongly suggest that a motion to quash and/or for protective order may be in order:

   a. It appears that the primary, if not the exclusive, reason that Oklahoma DPS has subpoenaed Ms. Gerald is to examine her concerning a domestic dispute that occurred between Ms. Gerald and Plaintiff Rossano Gerald in December 2000. That domestic dispute led to the Geralds' temporary separation and may be the subject of an on-going criminal charge against Mr. Gerald.

   b. Oklahoma DPS sent an investigator to SHERRIE GERALD'S place of work in January 2001 to question her about that domestic dispute. On information and belief, the investigator tape recorded Ms. Gerald's statements about the incident. Those tape recorded statements are the prior statement the production of which Ms. Gerald seeks to compel. It also appears that Oklahoma DPS has obtained copies of statements that Ms. Gerald may have given to the police and/or military personnel at the time of the incident. Oklahoma DPS apparently intends to examine Ms. Gerald regarding all of these prior statements, and all should be produced for Ms. Gerald pursuant to Rule 26(b)(3).

   c. A domestic dispute between the Geralds occurring more that two years after the

events at issue in the lawsuit could not possibly have any relevance to the lawsuit. Oklahoma DPS' subpoena appears to be designed merely to embarrass and harass Ms. Gerald and her husband. Even if it such highly personal and sensitive matters were relevant to a lawsuit about racial profiling and false arrest, Ms. GERALD should be granted a continuance to allow her attorney to review her prior statements, and to review any pending criminal charges, so that he can competently advise her regarding her rights, including her Fifth Amendment rights and right to invoke spousal privilege.

8. Finally, SHERRIE GERALD believes that whether the details of her marital problems are relevant to this lawsuit should be determined before she is compelled to answer questions about such highly personal and sensitive topics in a public deposition, and preferably should be determined by the court in which the lawsuit is pending. Undersigned counsel has been informed by counsel for the Plaintiff, Russano Gerald, that he intends to obtain a ruling on the relevancy of such testimony from the trial judge within the next two weeks, either through a motion in limine or other means. A continuance of the deposition would, therefore, allow the trial judge to determine the relevance of such highly sensitive testimony before going forward with the deposition and would, therefore, serve the interests of justice

9. A continuance of the deposition will in no way harm the parties to the underlying lawsuit and this request for a continuance is not interposed solely for the purposes of delay.

WHEREFORE, for all of the foregoing reasons, SHERRIE GERALD, moves this Court for an order (1) compelling Oklahoma DPS to provide Ms. Gerald with a copy of any prior statement she may have given to Oklahoma DPS' investigators or other statements by her that Oklahoma DPS may have in its possessioin and (2) continuing the deposition set for April 13, 2001 for a period of two weeks to give counsel for Sherrie Gerald (and/or Plaintiff) an opportunity to prepare and to

obtain a ruling on the relevance of Ms. Gerald's testimony for the underlying lawsuit.

Respectfully submitted,

_____
Edward Tuddenham
Texas Bar No. 20282300
1203 Newning Ave.
Austin, Texas 78704
(512) 441-9759
Fax (512) 443-4258

## CERTIFICATE OF CONFERENCE

I, Edward Tuddenham, hereby certify that, on this 12th day of April, I conferred with counsel for Oklahoma DPS regarding a continuance of the deposition and they were opposed; counsel for the Plaintiff was not opposed to this motion.

_____
Edward Tuddenham

## CERTIFICATE OF SERVICE

I hereby certify that I will serve a copy of the foregoing motion by hand-delivery on counsel for all parties to this case on April 13, 2001 by delivering it to them at Ken Owen and Associates, 801 West Ave., Austin, Texas 78701, the location of the deposition.

_____
Edward Tuddenham.